IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMILY WILSON, CLINT SMITH and | : | CIVIL ACTION |
| WENDY KING | : | |
| | : | |
| v. | : | NO. 09-0787 |
| | : | |
| RICHARD PALLMAN and | : | |
| EDWARD T. SCHAFER | : | |

O'NEILL, J.                                                                                                                         JULY   15  , 2009

MEMORANDUM

Plaintiffs Emily Wilson, Clint Smith and Wendy King filed a complaint on September 24, 2008 alleging claims of federal employment discrimination and retaliation for claims arising under the First, Fifth and Fourteenth Amendments pursuant to Bivens v. 6 Unknown Agents, 403 U.S. 388 (1971), under Title VII, 42 U.S.C. § 2000(e), under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq, 42 U.S.C. § 1981, and under the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq., against defendants Richard Pallman in his individual capacity as State Executive Director for the United States Department of Agriculture (USDA) Farm Service Agency (FSA)  and Thomas J. Vilsack in his official capacity as Secretary of Agriculture.[1] Plaintiffs filed an amended complaint on May 14, 2009.  I have before me defendants' motion to dismiss or, in the alternative, for summary judgment and plaintiffs' response thereto.

BACKGROUND

Plaintiffs allege that Pallman and Vilsack discriminated against plaintiffs by assigning them to different geographic office regions.

Wilson claims that she was discriminated against on the basis of her gender and in

---

[1] Defendants have moved and plaintiffs stipulate that Thomas J. Vilsack should be substituted for defendant Edward T. Schafer as Secretary of the Department of Agriculture pursuant to Federal Rule of Civil Procedure 25(d).  I will thus substitute the parties.

retaliation for protected activity she engaged in when she was notified that her position "may be selected for layoff and/or reassignment." At the time of the events at issue, Wilson was a female program technician employed at the Perkasie, Bucks County, Pennsylvania FSA office. She alleges that she was notified of her reassignment to a different office location outside of the permissible 30 mile relocation radius "on or about December 15, 2006." Defendants assert that Wilson contacted an EEO counselor on February 28, 2007. Wilson asserts that the action at issue was her termination on April 3, 2007 and that her first EEO activity was filed on June 5, 2007. The EEO/OFO based its date of adverse action for the purpose of calculating the 45th day after the action/occurrence/incidence as December 3, 2007 and dates her initial contact with an EEO counselor to her referral on December 19, 2007.

King was a female program technician employed at the Dubois, Pennsylvania FSA office. King alleges that she requested and was denied a reasonable accommodation for a neck injury and that defendants "retaliated against her by terminating her position." King alleges that the discrimination and retaliation occurred when she was notified of the reassignment "on or about December 15, 2006." King contacted her EEO counselor on May 30, 2007 alleging that she was discriminated against on the basis of her gender and her disability when she was terminated from her position on April 3, 2007.

Smith was a male farm loan officer employed at the Mountour/Columbia County, Pennsylvania FSA office. Smith alleges that he was discriminated against in September 2007 when he was constructively discharged though he had argued in his administrative complaint that the gender and ethnic discrimination occurred when he was reassigned in October 2007.

STANDARD OF REVIEW

I. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, I must accept as true all well-pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in plaintiff's complaint and must determine whether "under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiffs' obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). A well-pleaded complaint may proceed even if it appears "that recovery is very remote and unlikely." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). When considering a Rule 12(b)(6) motion, I do not "inquire whether the plaintiff[] will ultimately prevail, only whether [he is] entitled to offer evidence to support [his] claims." Nami, 82 F.3d at 65, citing Scheuer, 416 U.S. at 236.

II. Motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of material fact is

genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party moving for summary judgment has the burden of demonstrating that there are no genuine issues of material fact. Id. at 322-23. If the moving party sustains the burden, the nonmoving party must set forth facts demonstrating the existence of a genuine issue for trial. See Anderson, 477 U.S. at 255. Rule 56(e) provides that when a properly supported motion for summary judgment is made, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The adverse party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion, and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989). However, the "existence of disputed issues of material fact should be ascertained by resolving 'all inferences, doubts and issues of credibility against'" the moving party. Ely v. Hall's Motor Transit Co., 590 F.2d 62, 66 (3d Cir. 1978), quoting Smith v. Pittsburgh Gage & Supply Co., 464 F.2d 870, 878 (3d Cir. 1972).

DISCUSSION

I.      Claims of Plaintiffs King and Smith

Defendants have asserted and plaintiffs have stipulated that the proper venue for plaintiffs

4

King and Smith is the Middle District of Pennsylvania and that the Eastern District of Pennsylvania does not have venue over this claim.

Title VII contains an exclusive venue provision, allowing a Title VII case to be brought only in a district where (1) the allegedly unlawful employment practice was committed; (2) the relevant employment records are maintained and administered; (3) the aggrieved person would have worked but for the alleged unlawful employment practice; or (4) the defendant's principal office is situated, if the action may be brought in no other district.  See 42 U.S.C. § 2000e-5(f)(3).  This provision renders the general venue provision of 28 U.S.C. § 1391 inapplicable to claims under Title VII.  See id.; Trawick v. Harvey, 2006 WL 2372241, at *1 (E.D. Pa. Aug. 15, 2006).

For both King and Smith, the allegedly unlawful employment practices occurred in Harrisburg, Pennsylvania, within the Middle District of Pennsylvania; the relevant records are maintained in Harrisburg and Washington, D.C. and the offices in which King and Smith would have worked but for the alleged unlawful employment practices are not located in the Eastern District of Pennsylvania.  It is, thus, in the interests of justice and fairness to transfer the claims of King for employment discrimination based on her gender and her disability and Smith for discrimination based on his gender and his race to the Middle District of Pennsylvania where the relevant records are kept and in which the allegedly unlawful employment practices occurred.

However, Wilson alleges that she would have continued to work at the Perkasie, Bucks County office absent the allegedly discriminatory reassignment, so venue is proper in the Eastern District of Pennsylvania for her claim of employment discrimination based on her gender.

"Severance of actions against multiple defendants of different residences in order to

transfer claims against parties as to whom venue is improper is permissible and proper procedure." McSparran v. Kingston Contracting Co., 221 F. Supp. 459, 460 (D.C. Pa. 1963), citations omitted.  The Court of Appeals has "permit[ted] the transfer of all or only part of an action." D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 110 (3d Cir. 2009), citing Miller v. United States, 753 F.2d 270, 275-76 (3d Cir. 1985).

The claims asserted by Wilson are severable from the claims asserted by King and Smith. While they all arise out of the same alleged decision to transfer USDA employees beyond the permissible relocation region, their individual claims arise out of separate causes of action for discrimination based on their race, gender or disability.  As the impacts of the decision are individualized to each plaintiff and each plaintiff's cause of action is not affected by a decision for another plaintiff, these cases are severable.

As each plaintiffs' claims are severable and the Eastern District of Pennsylvania does not have venue under Title VII for the claims of King and Smith, I will transfer the claims of King and Smith to the United States Court for the Middle District of Pennsylvania.  As I am granting defendants' motion to transfer venue of the claims of King and Smith, I decline "to address the substantive aspects of [defendants' motion to dismiss, or in the alternative for summary judgment on, these plaintiffs' claims], leaving that for the proper judicial body." Hill v. Gonzales, 225 Fed. Appx. 76, 77 (3d Cir. 2007).

II.   Plaintiff Wilson's Claims

Wilson asserts claims of federal employment discrimination and retaliation for Bivens claims arising under the First, Fifth and Fourteenth Amendments, Title VII, 42 U.S.C. §2000(e), and 42 U.S.C. § 1981 against Pallman in his individual capacity acting as State Executive

Director for the USDA and Vilsack in his official capacity as Secretary of Agriculture.[2]  As I will rely on documents submitted by both plaintiff and defendant that are outside the complaint in addressing these claims and plaintiff responded to defendants' motion as a motion for sumamry judgment, I will treat defendants' motion as a motion for summary judgment.

      A.    Bivens Claims

Defendants argue that Wilson cannot bring a Bivens claim against the United States because the United States has not waived sovereign immunity to lawsuits making constitutional claims in the employment context.  FDIC v. Meyer, 510 U.S. 471, 475 (1994).  As Wilson agrees that she cannot bring Bivens claims against the Secretary of Agriculture, I will grant defendants' motion for summary judgment on Wilson's Bivens claims against Vilsack.

Defendants further argue that Wilson's claims against Pallman in his individual capacity are not properly presented as Bivens claims because the claims are preempted by Wilson's Title VII claims for employment action.

The Supreme Court has held that Title VII of the Civil Rights Act of 1964 provides the exclusive remedy for federal employees claiming employment discrimination on the basis of race, color, religion, sex, national origin or reprisals for protected activity.  Brown v. General Servs. Admin., 425 U.S. 820, 835 (1976).  The Court of Appeals has further found that Title VII provides the exclusive federal remedy for federal claims of discrimination, precluding federal constitutional and statutory claims for monetary damages.  Owens v. United States, 822 F.2d

---

[2] As Wilson brought claims pursuant to Bivens and under Title VII only, I will not address claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq, 42 U.S.C. § 1981 and the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq. as they were brought by King and Smith only.

408, 409-10 (3d Cir. 1987).

Numerous circuit and district courts have held that Brown operates to bar non-Title VII discrimination suits against not only the government employer but also individual co-employees. Wigginton v. Servidio, 734 A.2d 798, 804 (N.J. Super. Ct. 1999), collecting cases.[3] In keeping with the majority of circuits, a federal employee's suit to redress workplace discrimination must proceed in accordance with the scheme established by Congress in 42 U.S.C.A. § 2000e-16, but this does not preclude a federal employee from pursuing other legal claims against co-employees, such as claims for assault or intentional infliction of emotional distress.  As Wilson's Bivens

---

[3] Ramey v. Bowsher, 915 F.2d 731, 734 (D.C. Cir.1990), holding that plaintiff's claims for libel, slander, fraud, and conspiracy were barred by doctrine of absolute immunity for federal employees; to the extent plaintiff tried to recast his tort claims against his supervisors as pure discrimination claims, they were barred by exclusive character of Title VII remedy, cert. denied, 499 U.S. 947 (1991); White v. General Servs. Admin., 652 F.2d 913, 916 (9th Cir. 1981), holding that Brown did not distinguish between suit against government or individual employees and that allowing remedies against individuals would interfere with the carefully devised statutory scheme by permitting circumvention of administrative remedies; Newbold v. U.S. Postal Serv., 614 F.2d 46, 47 (5th Cir. 1980), holding that Brown's broad language on preemption and exclusivity suggests that there is no cause of action against individual employees under other federal statutes, cert. denied, 449 U.S. 878 (1980); Holloway v. Bentsen, 870 F. Supp. 898, 902 (N.D. Ind. 1994), holding that federal employee cannot proceed with employment discrimination suit against federal supervisors in their individual capacities under other federal statutes which vindicate rights protected by Title VII; Clement v. Motta, 820 F. Supp. 1035, 1037-38 (W.D. Mich. 1991) holding that, because gravamen of plaintiff's complaint was discrimination, his claim was cognizable only under Title VII; his cause of action under Michigan's Civil Rights Act was also preempted by Title VII; Baird v. Haith, 724 F. Supp. 367, 378-79 (D. Md. 1988), holding that weight of authority is that Title VII, as interpreted by Brown, prevents federal employees from recovering from their supervisors as individuals for causes of action arising from employment discrimination and that Title VII also bars suits against individual supervisors on other causes of action, be they civil, constitutional, or under state law, when gravamen of complaint arises from employment discrimination); DiPompo v. West Point Military Academy, 708 F. Supp. 540, 547 (S.D. N.Y. 1989) allowing federal employee to sue individuals for violating state human rights law would permit him to circumvent Brown's holding; but see Wood v. United States, 760 F. Supp. 952, 956 (D. Mass. 1991), holding that the doctrine of sovereign immunity does not extend to protect government officers from personal liabilities arising out of their official activities.

claims against Pallman are at their heart claims against the United States for employment discrimination, they are preempted by Title VII.  See Brown, 425 U.S. at 835.  I will, thus, grant defendants' motion for summary judgment on Wilson's Bivens claim against Pallman.

        B.       Title VII Claims

Defendants argue that Wilson's claim against Vilsack under Title VII must be dismissed for failure to exhaust all administrative remedies.[4]  A federal employee seeking remedies in federal court under Title VII must first exhaust the established administrative process and failure to follow this process will subject the federal suit to dismissal.  Brown, 425 U.S. at 832.

Wilson alleges that she received a letter notifying her of her reassignment dated December 15, 2006.  Defendants argue that Wilson did not contact an EEO counselor until February 28, 2007, over 45 days from the date of the action at issue so Wilson's Title VII claims should be dismissed as untimely.  However, Wilson disputes the date of the adverse employment action at issue.  She asserts that the action at issue was her termination on April 3, 2007 and her first EEO activity was filed on June 5, 2007.  According to exhibits included with Wilson's response, the EEO/OFO based its date of adverse action for the purpose of calculating the 45th day after the action/occurrence/incidence as December 3, 2007.  Thus, her initial contact with an EEO counselor was her referral on December 19, 2007 and the EEO counted her complaint as within the 45 days.  As there is a genuine issue of material fact as to the date of the adverse employment action at issue and whether Wilson's complaint was filed within the 45 days of that action, I will deny defendants' motion for summary judgment on Wilson's Title VII claims.

---

[4] Wilson agrees with defendants' contention that Pallman cannot be a Title VII defendant in plaintiffs' discrimination claims.  I will thus dismiss Wilson's Title VII claim against Pallman.

Defendants also argue that Wilson's claims of gender discrimination should be dismissed for failure to state a claim because plaintiff Smith is a male who was also treated the same way.

Title VII protects employees from discrimination by their employers on the basis of race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2. To prevail on a discrimination claim based on indirect evidence, an employee may rely upon the familiar three-step burden shifting analysis under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). First, a plaintiff must establish a prima facie case for discrimination. Id. at 802, 411 U.S. 792. That is, a plaintiff must demonstrate: (1) that she is a member of a protected class; (2) that she was qualified for the position in question; (3) that she was discharged; and (4) that she was terminated "under circumstances that give rise to an inference of unlawful discrimination." Caldron v. SL Indus. Inc., 56 F.3d 491, 494 (3d Cir. 1995), quoting Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). The Court of Appeals has rejected the requirement that a plaintiff compare herself to a similarly situated individual from outside her protected class to raise an inference of unlawful discrimination. See Sarullo v. United States Postal Serv., 352 F.3d 789, 798 n.7 (3d Cir. 2003); Clair v. Augusta Aerospace Corp., 592 F. Supp.2d 812, 818 (E.D. Pa. 2009). However, a plaintiff "must establish some causal nexus between [her] membership in a protected class" and the adverse employment decision complained of. Id.

While the fact that a male co-plaintiff was treated in the same fashion at the same time by the same defendants is certainly relevant to Wilson's claim of discrimination based on her gender, it does not in and of itself render it impossible for Wilson to state a claim. I will, thus, deny defendants' motion for summary judgment on Wilson's Title VII claim.

An appropriate Order follows.